*In re* ESTATE OF ELGIN LOUIS SEAMAN, Deceased.—(IRIS HART SEAMAN, Ex'r of the Estate of Elgin Louis Seaman, Petitioner-Appellee, *v.* WILLIAM J. SCOTT, Attorney General, Respondent-Appellant.)

Fourth District   No. 15092

Opinion filed March 29, 1979.

William J. Scott, Attorney General, of Chicago, *pro se* (Gregory G. Lawton, Assistant Attorney General, of counsel), for appellant.

Harlan Heller, of Harlan Heller, Ltd., of Mattoon, for appellee.

Mr. PRESIDING JUSTICE REARDON delivered the opinion of the court:

The respondent appeals an order entered by the circuit court, Coles County, on April 18, 1978, allowing the petitioner to revaluate certain property listed in an inheritance tax return pursuant to section 10 of the Inheritance and Transfer Tax Law (Ill. Rev. Stat. 1977, ch. 120, par. 384) (hereinafter referred to as Tax Law), and an order entered June 16, 1978, denying respondent's petition for rehearing.

Elgin Louis Seaman (hereinafter referred to as decedent) died on January 14, 1977. His will was admitted to probate and his wife, petitioner herein, was appointed executrix by appropriate orders entered on February 28, 1977. An Illinois inheritance tax return was filed by the petitioner in the circuit court on November 3, 1977. The return set the total net fair market value of the properties owned by decedent on the date of his death at $486,752. The total inheritance tax claimed as due on the return regarding the property interests bequeathed by decedent to his children and the petitioner was $12,553. On December 2, 1977, a hearing on the correctness of the return was held. The respondent approved the return as filed and on December 13, 1977, an order was, accordingly, entered by the circuit court assessing inheritance taxes in the amount of $12,554.

On April 14, 1978, the petitioner filed a petition for reassessment of

inheritance taxes. In this petition, the petitioner sought a reassessment and redetermination of taxes previously assessed pursuant to section 10 of the Tax Law on the ground that, in the prior return, the farm land was erroneously valued at its fair market cash value instead of the optional valuation permitted under section 2032A of the Internal Revenue Code (26 U.S.C. 1977, par. 2032A). An amended Illinois inheritance tax return was submitted with the petition, disclosing that use of the applicable section 2032A valuation reduced the value of the farm land for inheritance tax purposes from $394,700 to $64,420. Based upon this valuation, the inheritance taxes previously assessed at $12,554 would be reduced to $2,541, a savings of approximately $10,000. Over objection of the respondent an order was entered on April 18, 1978, reassessing the tax in the amount specified in the amended inheritance tax return. On June 16, 1978, the circuit court denied a petition for rehearing filed by the respondent, holding that the exception in section 10 of the Tax Law prohibiting reassessment of the tax based on errors in the valuation of property did not apply.

On appeal, the respondent contends that the refund procedure under section 10 of the Tax Law is expressly made inapplicable to errors in the valuation of property of a decedent. Alternatively, the respondent argues that the petitioner could have elected section 2032A valuation at the time the return was filed or could have amended the return to take advantage of section 2032A valuation prior to the entry of the final order.

Section 10 of the Tax Law provides in part:

"When it appears that errors have inadvertently occurred in the inheritance tax proceedings resulting in an erroneous amount of tax paid to the State Treasurer, such errors may be corrected and the order of assessment modified accordingly in a proper proceeding, and the executor, * * * who [has] paid such tax in error, shall be entitled to a refund from the State Treasurer of the amount of such tax erroneously paid: Provided, that this section shall not apply to any errors in the valuations of the property of the decedent as appraised * * *." Ill. Rev. Stat. 1977, ch. 120, par. 384.

Section 11 of the Tax Law further provides in part:

"It shall be the duty of the circuit judge designated and assigned for that purpose by the Chief Judge of the judicial circuit to ascertain whether any transfer of any property be subject to an inheritance tax under this Act, and if it be subject to such inheritance tax, to assess and fix the then value, determined in accordance with Section 2032A of the Internal Revenue Code, if applicable, otherwise the fair cash market value of all estates, annuities and life estates or terms of years growing out of such

estates and the tax to which the same is liable." Ill. Rev. Stat. 1977, ch. 120, par. 385.

■■ Public Act 80—905, which amended certain provisions of the Tax Law, including section 11, to provide for the valuation of farm land by the method specified in section 2032A of the Internal Revenue Code, became effective September 22, 1977. The original inheritance tax return and the original order of the circuit court fixing inheritance taxes was entered after the effective date of the amendment. It is clear from a reading of section 11 of the Tax Law that it imposes a mandatory duty upon the circuit judge presiding over the assessment hearing to assess value in accordance with section 2032A of the Internal Revenue Code if it applies.

■■■ The parties do not dispute that section 2032A was applicable to the farm land listed in the return at the time it was originally filed. Although not argued, it appears that neither the petitioner nor the court was aware of this mandatory language of section 11 of the Tax Law, as amended, prior to the entry of the order of December 13, 1977. Accordingly, the court's order of April 18, 1978, reassessing the amount of inheritance tax due according to 2032A valuation properly corrected this oversight. The court's reliance upon section 10 of the Tax Law as authority for its action does not constitute error within this context. We find that the exception within section 10 distinctly applies to errors in valuation appraisals, not to errors regarding the proper valuation formula to apply. Consequently, we conclude that the language of section 10 is sufficiently broad so as to permit the petitioner to request a reassessment of inheritance tax based upon the formula of section 2032A.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

WEBBER and TRAPP, JJ., concur.